UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATIANA MIAGKIKH,<br><br>                             Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, et al.,<br><br>                           Respondents. | Case No.: 3:25-cv-3755-CAB-BJW<br><br>**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**<br><br>[Doc. No. 1] |

Before the Court is Petitioner Tatiana Miagkikh's petition for writ of habeas corpus 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] Petitioner claims that she is detained by Immigration and Customs Enforcement ("ICE") without a bond hearing in violation of the Fifth Amendment. [*Id.* at 12–15.] Respondents filed a response to the Petition. [Doc. No. 4.] The Court finds this matter appropriate for determination on the papers. *See* S.D. Cal. CivLR 7.1.(d)(1). For the following reasons, the Court **DENIES** the Petition.

**I.     BACKGROUND**

On April 21, 2025, Petitioner, a Russian citizen, applied for admission to the United States at a port of entry. [Petition at 7.] She did not possess valid documentation allowing her to legally enter and was thus taken immediately into immigration custody and placed in expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1). [*Id.*] Petitioner expressed a fear of returning to Russia, was interviewed, and received a positive credible

fear determination.  [Petition at 7.]  She was issued a Notice to Appear on July 28, 2025, which effectively vacated her expedited removal proceedings.  [*Id.*]  Over the next five months, Petitioner's master calendar hearing was re-scheduled multiple times, and finally re-assigned to a new Immigration Judge ("IJ").  [*Id.* at 7–8.]  At a December 23, 2025 hearing, the IJ set the matter for an individual merits hearing on March 19, 2026.  [*Id.* at 9.]

## II.    LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody.  Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  The petitioner bears the burden of demonstrating that he is in illegal custody.  *See Martinez v. Noem*, No. 25-CV-2740-BJCBJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III.   DISCUSSION

### A.    Jurisdiction

Respondents contend that 28 U.S.C. § 1252(g) bars judicial review of Petitioner's claim because her detention arises from the government's decision to commence proceedings.  [Doc. No. 4 at 4.]  Because Petitioner's claim challenges her detention and not the decision to commence or adjudicate removal proceedings or execute removal orders, the Court is satisfied of its jurisdiction and proceeds to the merits.  *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) ("It is implausible that the mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings."); *see also Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) ("[W]e have limited [§ 1252(g)]'s jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders.")

///

///

B.  **Due Process Claim**

Petitioner has now been in ICE custody at Otay Mesa Detention Center ("OMDC") for approximately nine months and argues that her detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. [Petition at 14–15.] Respondents counter that the relevant statutory language of § 1225(b)(2) and Supreme Court precedent require Petitioner's detention until her removal proceedings are resolved, including her claim for asylum, and that Petitioner is not entitled to a bond hearing. [Doc. No. 4 at 5–10].

Starting first with the statutory language, there can be no dispute that the plain language of § 1225(b) mandates detention. The Supreme Court has said as much, first in *Jennings v. Rodriguez*, 583 U.S. 281 (2018) and then in *Thuraissigiam*. In *Jennings*, the Supreme Court reasoned:

> Read most naturally, §§ 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded. Section 1225(b)(1) aliens are detained for "further consideration of the application for asylum," .... Once those proceedings end, detention under § 1225(b) must end as well. Until that point, however, nothing in the statutory text imposes any limit on the length of detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings.

*Id.* at 297. The Supreme Court affirmed this conclusion in *Thuraissigiam*, stating that "[w]hether an applicant who raises an asylum claim receives full or only expedited review, the applicant is not entitled to immediate release. . . . Applicants who are found to have a credible fear may also be detained pending further consideration of their asylum applications." 591 U.S. at 111.

Nonetheless, given that *Jennings* and *Thuraissigiam* decided only the statutory requirement for detention under § 1225(b) and not the constitutional question, this Court and numerous others have held that a petitioner's detention under § 1225(b) may give rise to a due process claim considering the particular facts of the case. *E.g.*, *L.R.G. v. LaRose*, 3:25-CV-3490-CAB-MSB, Doc. No. 13 at 6 (citing *Rodriguez v. Marin*, 909 F.3d 252, 256

(9th Cir. 2018)); *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520 (S.D. Cal. Nov. 12, 2025); *Maksin v. Warden, Golden State Annex*, No. 1:25-CV-00955-SKO (HC), 2025 WL 2879328, at *3 (E.D. Cal. Oct. 9, 2025) ("Several courts including the Third, Sixth, and Ninth Circuit, as well as numerous district courts, have found that unreasonably long detention periods may violate the due process clause." (collecting cases)).

This Court has used the *Banda* test as a framework for analyzing a due process challenge to prolonged detention under § 1225(b), which considers the following six factors: (1) the total length of detention to date, which is the most important factor; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in removal proceedings caused by the detainee; (5) delays in removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019). Though the parties disagree whether Petitioner is detained under § 1225(b)(1) or (b)(2), [*compare* Doc. No. 4 at 5 ("Petitioner is mandatorily detained under 8 U.S.C. § 1225(b)(2)."), *with* Doc. No. 5 at 3 ("Miagkikh's . . . [s]ubjection to § 1225(b)(1) [n]otwithstanding[.]"), the due process analysis is the same.

Here, the first factor weighs against Petitioner given that she has been detained for nine months. *See Sibomana v. LaRose*, No. 22-CV-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) (finding that courts are typically wary of continued custody without a bond hearing when detention extends beyond one year). As to the second factor, Petitioner has an individual merits hearing scheduled for March 19, 2026, [Petition at 9], and so it is currently unclear how long detention could continue; thus, this factor is neutral. The third factor weighs for Petitioner as she is detained at a secure facility with her movement restricted and she alleges that she has received insufficient medical care and is

1  suffering medical issues as a result.[1]  [Petition at 9–10.]  The fourth and fifth factors favor
2  Petitioner because her master hearing was re-scheduled multiple times over the past nine
3  months, including for a new IJ months into her proceedings.  The final factor is neutral
4  because Petitioner's claim has not been adjudicated by the IJ and the Court takes no
5  position on the merits of Petitioner's asylum claims.  *See Banda*, 385 F. Supp. 3d at 1120
6  (finding sixth factor neutral where petitioner's asylum application was on appeal and court
7  had insufficient information to determine whether petitioner may be removed).

8  In sum, factors two and six are neutral, factors three, four, and five weigh for Petitioner, and factor one—the most important—weighs against her.  The Court thus concludes that at this stage Petitioner's continued detention under § 1225(b) is not unreasonable such that due process requires she be given a bond hearing.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** the Petition for a writ of habeas corpus.

<u>The Clerk of Court shall close the case.</u>

It is **SO ORDERED**.

Dated: January 29, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Though Petitioner makes no substantive claim for release based on inadequate medical care, the Court notes that "requests for relief turning on circumstances of confinement may be presented in a § 1983 action" rather than a habeas petition which is meant for "[c]hallenges to the validity of any confinement or to particulars affecting its duration[.]"  *Muhammad v. Close*, 540 U.S. 749, 750 (2004).